UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00146-GNS-HBB

SHIRLEY TAPSCOTT                                                                                         PLAINTIFF

v.

UNITED STATES OF AMERICA et al.                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 7). The motion is ripe for adjudication. For the reasons outlined below, Defendant's motion is **GRANTED**.

### I.   STATEMENT OF FACTS

Plaintiff Shirley Tapscott ("Tapscott") enrolled his property in the Environmental Quality Incentive Program ("EQIP")[1] facilitated by the Natural Resource Conservation Service ("NRCS"). (Compl. ¶¶ 12-13, DN 1-1; *see* Pl.'s Resp. Def.'s Mot. Dismiss Ex. 3, DN 8-3 [hereinafter "Contract"]).[2] Tapscott and the NRCS contracted to build a stream crossing on Tapscott's property ("the Crossing"), with Tapscott implementing soil conservation practices and the NRCS reimbursing him for the construction costs. (Compl. ¶¶ 12-13; Def.'s Mot. Dismiss 2-3, DN 7).

---

[1] "Through EQIP, the [federal] government provides financial and technical assistance to farmers and ranchers. In exchange, farmers and ranchers who choose to participate in EQIP implement conservation measures 'to address soil, water, air, and related natural resources concerns . . . on their lands in an environmentally beneficial and cost-effective manner.'" *Herden v. United States*, 726 F.3d 1042, 1044 (8th Cir. 2013) (quoting 7 C.F.R. § 1466.1).

[2] At the motion to dismiss stage, courts generally cannot consider matters outside the pleadings without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). If an exhibit is referred to in the complaint and is central to the claims, then it may be considered without converting the motion. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

NRCS employees Mary Sharp ("Sharp"), Timothy Bartee ("Bartee"), Steven Gray ("Gray"), and Matt Norfleet ("Norfleet") were involved with the approval, contracting, and planning of the construction. (Compl. ¶¶ 14-17). Without notifying Tapscott, Gray approved changes to the construction plan, which lowered the estimated quantities of materials and changed the grade of the slope. (Compl. ¶ 18). The Crossing was then completed, inspected, and certified. (Compl. ¶ 19). Tapscott was later injured while driving his tractor over the Crossing, which was allegedly due to the Crossing being too narrow and steep. (Compl. ¶ 20).

Tapscott asserted breach of contract and tort claims against Sharp, Bartee, Gray, Norfleet (collectively "Named Defendants"), and three unnamed "John Doe" defendants (collectively "Unnamed Defendants")—representing the independent contractors who built the Crossing—in Casey (Kentucky) Circuit Court. (Compl. ¶¶ 6, 21-33).[3] The United States removed the action to this Court and substituted itself for the Named Defendants with respect to the tort claims. (Notice Removal, DN 1; Order Substitution, DN 5). The United States now seeks to dismiss the claims against it. (Def.'s Mot. Dismiss).

## II. JURISDICTION

The Court exercises subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346(b).

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[3] The NRCS was not named as a party. (Compl. ¶¶ 1-6).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (internal citation omitted) (citation omitted); *cf. id.* ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" (citation omitted)).

### IV.  DISCUSSION

Tapscott asserts a tort claim against the United States and a breach of contract claim against the Named Defendants. (Compl. ¶¶ 21-25, 29-33). The United States argues that the claims should be dismissed. (Def.'s Mot. Dismiss).[4]

---

[4] Tapscott also alleges a claim for punitive damages. (Compl. ¶¶ 26-28). Notwithstanding the general unavailability of punitive damages for claims against the United States, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) (citation omitted); *see* 28 U.S.C. § 2674; *Kirchgessner v. United States*, 958 F.2d 158, 159 (6th Cir. 1992) ("[The FTCA's] waiver of sovereign immunity is not unlimited, however, for the Act also prohibits recovery of pre-judgment interest and punitive damages." (citing 28 U.S.C. § 2674)). As such, Tapscott's punitive damages claim against the United States must be dismissed.

A.      **Federal Tort Claims Act**

"The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted) (citations omitted)). The Federal Tort Claims Act ("FTCA") is the United States' consent and limited waiver of sovereign immunity for certain claims. *See* 28 U.S.C. § 2675(a). "[W]hen the United States consents to be sued, Congress may define the conditions under which suits will be permitted." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (citation omitted). Thus, Congress may properly require a claimant to "first present[] the claim to the appropriate Federal agency and [have] his claim be[] finally denied by the agency in writing [or remain unaddressed for six months]" before bringing a tort action against the United States, and courts must honor those requirements. 28 U.S.C. § 2675(a); *see Garrett*, 640 F.2d at 26 ("The requirement . . . that an administrative claim be filed as a prerequisite to filing a civil action under the [FTCA] . . . [is a] valid condition[] under which suits may be maintained under the statute.").

The FTCA's exhaustion requirement was previously held to be jurisdictional, so courts were left with no authority over the matter, and dismissal of the claim was required. *Garrett*, 640 F.2d at 26 ("These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel." (citation omitted)); *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) ("This exhaustion requirement is jurisdictional." (citation omitted)); *Allen v. United States*, 517 F.2d 1328, 1329 (6th Cir. 1975) ("[The FTCA] deprives the federal courts of jurisdiction over any such cause of action unless the claim has been properly presented to the appropriate federal agency and denied by that agency." (citing 28 U.S.C. § 2675(a))). In recent unpublished opinions, however, the Sixth Circuit held that exhaustion is a claim-processing rule that does not mandate

4

dismissal, but can be waived if not asserted. *Greene v. United States*, No. 21-5398, 2022 U.S. App. LEXIS 25630, at *11 (6th Cir. Sept. 13, 2022); *Kellom v. Quinn*, Nos. 20-1003/1222, 2021 U.S. App. LEXIS 26749, at *8-9 (6th Cir. Sept. 3, 2021); *see also Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021) ("[W]e hold that the sum certain requirement in [the FTCA] is not jurisdictional . . . .").

Regardless of whether exhaustion is jurisdictional, Tapscott's claim must be dismissed, as "[c]laims-processing rules must be enforced when properly invoked." *Greene*, 2022 U.S. App. LEXIS 25630, at *11 (citing *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020)). Tapscott does not dispute that the United States properly raised the issue, nor does Tapscott assert any equitable exception to excuse his failure to exhaust his administrative remedies. (*See* Def.'s Mot. Dismiss 7-8; Pl.'s Resp. Def.'s Mot. Dismiss 5-6).

Tapscott claims that exhaustion is unnecessary here because he also brought tort claims against the Unnamed Defendants, in addition to the United States' agents. (Pl.'s Resp. Def.'s Mot. Dismiss 5-6). Indeed, claims against independent contractors are not subject to the FTCA's administrative exhaustion requirement. *Logue v. United States*, 412 U.S. 521, 526 (1973); *Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012). Tapscott's claims against the Unnamed Defendants, however, do not affect the claim against the United States which substituted itself only for the Named Defendants. Therefore, the tort claim against the United States must be dismissed.

B. **Breach of Contract**

The United States also seeks dismissal of the breach of contract claim against the Named Defendants on the basis of a lack of privity.[5] To maintain a breach of contract claim, privity of contract must exist between the parties. *Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007) ("A contract is only binding upon the parties to a contract.").[6] "Kentucky law insulates agents from liability for acts done within the scope of [their] agency on behalf of a disclosed principal." *Id.* (alteration in original) (citing *Summit Petroleum Corp. of Ind. v. Ingersoll-Rand Fin. Corp.*, 909 F.2d 862, 868 (6th Cir. 1990)). Thus, "[w]hen an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract; and (2) the agent is not a party to the contract unless the agent and third party agree otherwise." *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 596 (Ky. 2012) (quoting Restatement (Third) of Agency § 6.01 (Am. L. Inst. 2006)).

Tapscott concedes he contracted with the NRCS, not the Named Defendants, and does not suggest that any agreement exists which would otherwise hold the Named Defendants personally liable. (*See* Pl.'s Resp. Def.'s Mot. Dismiss 3, DN 8 ("Mr. Tapscott agrees he contracted with the

---

[5] The breach of contract claim is asserted against the Named Defendants, not the United States, which substituted itself for the Named Defendants only as to the tort claims pursuant to the Federal Tort Claims Act. (*See* Compl. ¶¶ 29-33, Notice Substitution ¶ 5, DN 4 ("[T]he United States has, by operation of law, been substituted as a defendant to this action in lieu of [the Named Defendants] for the purpose of the tort allegations in the complaint."); Order Substitution 1 ("[T]he United States of America be substituted in lieu of the [Named Defendants] as to the state tort allegations in the complaint. Accordingly, the stat[e] tort allegations in the complaint against [the Named Defendants] are hereby DISMISSED . . . .")). Tapscott, however, raises no objection that the motion is made by the United States on behalf of the Named Defendants.

[6] While the Contract does not contain a choice of law provision, the parties cite primarily to Kentucky law.

NRCS . . . .")). The Named Defendants were NRCS employees and, therefore, merely agents who are not liable for any alleged breach of the contract by the NRCS.

Tapscott insists, however, that the Named Defendants may be personally liable because they acted outside the scope of their authority when adjusting the construction plans. (Pl.'s Resp. Def.'s Mot. Dismiss 3-4). Indeed, an agent may be liable for breach of contract where he acts outside of the actual or apparent authority provided by the principal. *See* Restatement (Third) of Agency § 6.01 (Am. L. Inst. 2006); *see also Abbott Lab'ys v. McLaren Gen. Hosp.*, 919 F.2d 49, 52 (6th Cir. 1990) ("If the agent is off on a frolic of its own, in a situation where the principal has neither given the agent authority to act for it nor done anything to suggest to others that the agent has such authority, and in the absence of ratification, courts do not ordinarily treat the act of the agent as the act of the principal."). There is no allegation in the Complaint, however, that the Named Defendants were acting outside their authority. This dovetails with the United States' certification that the Named Defendants were acting within the course and scope of their employment with respect to the claims asserted by Tapscott. (Notice Removal Ex. 2, DN 1-2; Notice Substitution ¶ 4, DN 4); *see also Pannell v. Shannon*, 425 S.W.3d 58, 83-84 (Ky. 2014) (noting that a principal's ratification of an agent's acts "supplies original authority to do the act" and "'relates back' to the time the transaction was entered into." (citations omitted)). Accordingly, the Named Defendants cannot be held personally liable for the breach of contract claim against them.[7] For this reason, the contract claims against the Named Defendants will be dismissed.

---

[7] The United States alternatively posits that the breach of contract claim fails because Tapscott did not exhaust his administrative remedies. (Def.'s Mot. Dismiss 7-8). Indeed, a claimant generally must first exhaust his administrative remedies before seeking judicial review against the NRCS, and the applicable regulations permit administrative review of "adverse technical determinations and program decisions by [the] NCRS." 7 U.S.C. § 6912(e); 7 C.F.R. § 614.1. Given that Tapscott asserted no breach of contract claim against NRCS, exhaustion of administrative remedies against the United States appears moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 7) is **GRANTED**, and Plaintiff's claims against the United States and the Named Defendants shall be **DISMISSED WITH PREJUDICE**. Given that jurisdiction in this case existed only by virtue of 28 U.S.C. § 2679, the Court declines to exercise supplemental jurisdiction over the claims against the Unnamed Defendants, which are remanded to Casey Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 10, 2023

cc: counsel of record
     Clerk, Casey Circuit Court (22-CI-00102)